UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,

    Plaintiff,

v.

T. RAMOS, et al.,

    Defendants.

No. 2:20-cv-0172 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se. He filed this action on January 23, 2020, seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends this action be dismissed if plaintiff fails to pay the filing fee.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## HAS PLAINTIFF ACCRUED THREE STRIKES?

Plaintiff has numerous lawsuits in this district. Recently, District Judges England, Nunley, and Mueller each held that plaintiff had accrued three strikes prior to filing the complaints in those cases. See Blackman v. Skelton, No. 2:18-cv-3273 MCE EFB (June 17, 2019 Order); Blackman v. Voong, No. 2:18-cv-0216 TLN AC (Mar. 16, 2018 Order); Blackman v. Dixon, 2:18-cv-0079 KJM AC (Aug. 1, 2019 Order). In each case, the following prior cases were identified as strikes:

1. Blackman v. Hartwell, No. 1:99-cv-5822 REC HGB (E.D. Cal.) (case dismissed on March 12, 2001 for failure to state a claim);

2. Blackman v. Variz, No. 3:06-cv-6398 SI (N.D. Cal.) (case dismissed on December 18, 2006 for failure to state a claim);

3. Blackman v. Mazariegos, No. 3:06-cv-7625 SI (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim, case dismissed on September 4, 2007 for failure to file an amended complaint); and

////

2

1    4. <u>Blackman v. Mazariegos</u>, No. 3:07-cv-2021 SI (N.D. Cal.) (case dismissed on September 5, 2007 for failure to state a claim).

Each of these cases was dismissed prior to the filing of the complaint in the present case as well. Accordingly, plaintiff accrued three strikes prior to filing this case and may not proceed unless he can show he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. <u>See</u> <u>Andrews</u>, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint filed January 23, 2020. Plaintiff lists over 150 defendants. While plaintiff's complaint is difficult to interpret, he appears to be attempting to state the following claims: (1) some defendants interfered with or failed to process his prison appeals; (2) some defendants used prison computers to "change [their] identification;" and (3) he is being denied law library access. Plaintiff does not allege that he was at risk of any sort of physical injury at the time he filed his complaint. Therefore, plaintiff fails to meet the imminent danger exception to § 1915(g). Plaintiff should only be permitted to proceed with this action if he pays the filing fee.

////

////

Accordingly, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/blac0172.3 strikes fr

4